# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANTOINETTE M. BEE,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0013**  (BOR Appeal No. 2052191)
                            (Claim No. 2016024615)

**KANAWHA HOSPICE CARE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Antoinette M. Bee, by William B. Gerwig, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kanawha Hospice Care, Inc., by H. Dill Battle, III, its attorney, filed a timely response.

The issue on appeal is the proper permanent partial disability award. On August 26, 2016, the claims administrator granted an 8% permanent partial disability award. The Office of Judges affirmed the decision in its September 1, 2017, Order. The Order was affirmed by the Board of Review on December 28, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bee, a nurse, injured her low back on March 20, 2016, when she bent over to care for a patient and experienced pain in her left hip. Her claim was held compensable for a sprain of a ligament of the lumbar spine. An April 18, 2016, lumbar spine MRI revealed a broad-based disc extrusion at L3-L4 causing narrowing of the lateral recesses.

On July 26, 2016, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. He noted that Ms. Bee's main complaint was low back and left leg pain. Ms. Bee's lumbar spine range of motion measurements were fairly consistent with repeated attempts. She was able to walk with a normal gait, walk on her heels and toes, and squat fully. Dr. Mukkamala diagnosed lumbar sprain and opined that Ms. Bee had reached maximum medical improvement.

1

He assessed 4% whole person impairment for loss of range of motion and 7% whole person impairment for evidence of a disc extrusion for a combined 11% whole person impairment. Dr. Mukkamala then classified Ms. Bee under lumbar category II under West Virginia Code of State Rules § 85-20-C, which has a range of 5% to 8% impairment. Dr. Mukkamala adjusted the whole person impairment to 8% based on range of motion. The claims administrator granted Ms. Bee an 8% permanent partial disability award on August 26, 2016.

The Office of Judges affirmed the claims administrator's award of 8% permanent partial disability on September 1, 2017. It noted that Ms. Bee argued that Dr. Mukkamala did not recommend a permanent partial disability award equal to the assessed whole person impairment, as Dr. Mukkamala reduced the 11% whole person impairment to 8% whole person impairment according to West Virginia Code of State Rules § 85-20-C. Ms. Bee also argued that each claimant should be compensated for his or her impairment, not a preconceived estimate of impairment based upon diagnosis codes found in West Virginia Code of State Rules § 85-20-C and D. Kanawha Hospice Care, Inc., argues that the argument made by Ms. Bee has been made before, and has been rejected by this Court. It also argues that the use of impairment tables in West Virginia Code of State Rules § 85-20-C was determined to be a proper exercise of rule-making authority in *Simpson v. West Virginia Office of Ins. Comm'r.*, 223 W.Va. 495, 678 S.E.2d 1 (2009). The Office of Judges determined that the *Simpson* case was controlling and that Ms. Bee failed to provide a persuasive legal authority for her argument that Dr. Mukkamala's reliance on West Virginia Code of State Rules § 85-20-C was improper. It found that Ms. Bee failed to find she was entitled to a greater permanent partial disability award.

On December 28, 2017, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order. After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Mukkamala followed the guidelines for assessing impairment and reduced the impairment accordingly. Therefore, the Office of Judges did not err when it relied on his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker